UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:07-CR-113 |
| | ) | (JORDAN/SHIRLEY) |
| DANIEL GLEN HAMPTON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

This matter came before the undersigned on October 3, 2007, for a scheduled detention hearing. Assistant United States Attorney Hugh B. Ward, Jr. was present representing the government. Assistant Federal Public Defender Jonathan A. Moffatt was present representing Defendant Hampton, who was also present. The government sought to have the Defendant detained pretrial, arguing that there were no conditions of release that would reasonably assure the Defendant's appearance in future court proceedings and that Defendant Hampton's release would pose a danger to the community.

The Defendant is charged [Doc. 1] with one count of conspiracy to possess with the intent to distribute cocaine hydrochloride, cocaine base, and oxycontin; one count of possession of a firearm in furtherance of a drug trafficking crime; and one count of being a felon in possession of a firearm. At the detention hearing, Defendant and the government proceeded by proffer.

Following a detention hearing, a defendant may be detained pending trial if there is no condition or combination of conditions that will reasonably assure (1) the defendant's appearance as required in court and (2) the safety of the community or any person in it. 18 U.S.C. § 3142(e).

In the present case, the detention issue turns primarily upon whether any combination of conditions of release could reasonably assure the community's safety. The government must establish the lack of such conditions by clear and convincing evidence. In addition, the government argues Defendant is a flight risk or risk of nonappearance. The burden of proof on this issue is a preponderance of the evidence standard. Given the charges in this case of drug trafficking, the Bail Reform Act establishes a rebuttable presumption that no condition(s) will reasonably assure both the appearance of the Defendant as required and the safety of the community. This Court first finds that the Defendant has no rebutted or overcome this presumption, and thus, detention of the Defendant is appropriate.

In addition, in light of the parties' proffers and evidence before the Court, the Court finds by clear and convincing evidence that there are no conditions of release that could reasonably assure the safety of the community. In making this determination, the Court has considered the factors enumerated in 18 U.S.C. § 3142(g). Factor one looks to the nature and the circumstances of the offense charged, including whether it involves narcotic drugs. See 18 U.S. C. § 3142(g)(1). In this case, it clearly does. Accordingly, this factor weights in favor of detention.

Second, the Court finds that factor two, the weight of the evidence against the Defendant, to argue for detention in this case because this Court previously found probable cause for these charges in a Criminal Complaint based on quite a substantial amount of additional information. The Court also found probable cause for a search warrant, the results of which, this Court has been made aware of.

The third factor for the Court to consider examines the history and characteristics of the Defendant, including "the person's character, physical and mental condition, family ties, past

2

conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings." 18 U.S.C. § 3142(g)(3)(A). The Court is aware of Defendant's notable criminal history, including his prior drug conviction, and other criminal charges ranging from other drug crimes to assaults to perjury to bomb threats. While the Court notes some of these charges involved dismissals, some of them resulted in convictions. Additionally, the Defendant is facing a first degree murder charge in state court, a serious charge resulting from an indictment based on probable cause. Thus, the Court finds that the Defendant's history and characteristics weigh strongly in favor of detention.

The Court must also consider whether, at the time of the current offenses, the Defendant was on probation, parole, or pretrial release. See 18 U.S.C. § 3142(g)(3)(B). The Court finds that Defendant was on bond in Knox County. Thus, the Court finds this factor weighs in favor of detention.

Finally, with respect to the "nature and seriousness of the danger to any person or the community that would be posed by the person's release," the Court finds that this factor also weighs in favor of detention. See 18 U.S.C. § 3142(g)(4). In light of pending assault charges, a first degree murder charge, drug trafficking charges, charges regarding a large cache of weapons, and information regarding his background and conversations regarding threats and use of violence on other people, the Court finds the Defendant to pose a very serious danger to the community if released. Thus, this factor also weighs in favor of detention.

The Court finds the danger posed to the community from Defendant's release to be great. Virtually every section 3142(g) factor argues in favor of detention. The Court finds by clear and convincing evidence that Defendant is a danger to the community and others.

3

The Court also finds by a preponderance of the evidence that the Defendant presents a risk of nonappearance since he faces a lengthy sentence if convicted on the present charges. Additionally, the Defendant is facing a serious sentence, if not the death penalty, in the murder case in state court and the Court finds his ties to Knox County or Roane County are questionable. Thus, the Court finds there are no conditions that would assure Defendant's appearance for court proceedings.

Accordingly, the Court concludes that no condition or combination of conditions of release exist that could reasonably assure the safety of the community or the Defendant's appearance. Therefore, Defendant is **ORDERED** to remain in detention until his trial. The Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded a reasonable opportunity for private consultations with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**IT IS SO ORDERED.**

ENTER:

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge