IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:07-CR-113 |
| | ) | (JORDAN / GUYTON) |
| DANIEL GLEN HAMPTON, | ) | |
| LARRY EUGENE HAMPTON, | ) | |
| DANIEL LEE GOINS, | ) | |
| BRENT FITZGERALD TARTER, | ) | |
| RON SEIBER, and | ) | |
| EMORY SAYLOR, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on October 25, 2007, on defendant Daniel Hampton's Second Motion to Continue Motion Deadline [Doc. 65] and Motion to Continue Trial [Doc. 66], filed October 19, 2007. Assistant United States Attorney Hugh B. Ward appeared on behalf of the government. Attorney Jonathan Moffatt was present with his client, Daniel Hampton. Attorney R. Alexander Brown was present with his client, Daniel Goines. Attorney Steve Shope was present with his client, Brent Tarter. Attorney Dennis B. Francis was present with his client, Emory Saylor. Defendant Emory Saylor orally joined defendant Hampton's motion to continue. The government did not oppose either of defendant's motions.

At the hearing, Attorney Moffatt stated that the need for disposition of the several pending pretrial motions, including the Motion to Suppress Wiretaps [Doc. 61] and Motion to Suppress Evidence [Doc. 67] necessitates a continuance in this case. Attorney Moffatt expressed that obtaining a ruling on the suppression issues is in the defendant's best interest and confirmed that he has discussed this matter with defendant Daniel Hampton. The defendant stated that he understood his right to a speedy trial, has no objection to a continuance, and believes it is in his best interest to obtain a ruling on his two motions to suppress evidence prior to trial. Daniel Hampton stated that understood that he will remain in jail pending his new trial date.

Attorney Moffatt, on behalf of defendant Daniel Hampton, stated that he believes all the time between the date of the filing of pretrial motions, October 19, 2007, and the new date of the trial is excludable from the operation of the Speedy Trial Act. Defense counsel agreed that the need to resolve these important issues of evidence suppression outweigh the interest of the defendant and the public in a speedy trial.

The government agreed that a continuance of the trial was necessary. AUSA Ward agreed that the time between the date of the filing of pretrial motions, October 19, 2007, and the new date of the trial is properly excludable from the operation of the Speedy Trial Act and that the need for resolution of the suppression issues outweighs the interests of the defendants and the public in a speedy trial.

The Court finds that the request for a continuance of the November 1, 2007 trial date is well-taken and that the ends of justice served by granting the motion outweigh the best interest of the public and the defendants in a speedy trial. See 18 U.S.C. § 3161(h)(8)(A). The Court finds that defendant Daniel Hampton and his counsel have not had enough time to review the discovery and

complete a factual investigation. Further, review of the discovery may necessitate additional pretrial motions and this fact alone necessitates a continuance. The Court finds that failure to grant a continuance would deprive defendant Daniel Hampton of the ability to pursue issues which may be identified with proper preparation. Thus, defendant's Second Motion to Continue Motion Deadline [Doc. 65] is granted. All pretrial motions shall be filed by November 15, 2007 with responses due from the government by November 30, 2007.

Furthermore, the Court finds that the failure to grant a continuance of the November 1, 2007 trial date would deprive the defendant of the time to pursue his suppression motions, which have yet to be heard by the Court. See 18 U.S.C. § 3161(h)(1)(F). This Court will hold a suppression hearing on defendant's two motions [Docs. 61 and 67] on January 7, 2008 at 9:00 a.m. The Court will then need time, not to exceed thirty days, to prepare a Report and Recommendation to the District Court. See 18 U.S.C. § 3161(h)(1)(J). After such ruling, either party will have 10 days to register an objection with the District Court. Should objections be made, the District Court will require a meaningful period of time to review the record and the issues presented. Finally, the parties will need time to prepare for trial in light of the ruling on the suppression issues. The Court finds that all of this could not be accomplished before the trial date of November 1, 2007 or in less than five months. Thus, without a continuance, counsel would not have the reasonable time necessary to prepare for trial despite their use of due diligence. See 18 U.S.C. § 3161(h)(8)(B)(iv).

Thus, the Court finds that the time between the date of the filing of pretrial motions, October 19, 2007, and the new date of the trial is properly excludable from the operation of the Speedy Trial Act and that the need for resolution of the suppression issues outweighs the interests of the defendants and the public in a speedy trial.

Accordingly, it is **ORDERED**:

(1) The defendant's Motion to Continue **[Doc. 66]** is **GRANTED**;

(2) The trial of this matter is reset to commence on **March 18, 2008**, **at 9:00 a.m.**, before the Honorable Leon Jordan, United States District Judge;

(3) All the time between the **October 25, 2007**, hearing and the new trial date of **March 18, 2008**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The pretrial conference is reset to commence on **March 11, 2008 at 9:30 a.m.**, before the Honorable H. Bruce Guyton, United States Magistrate Judge;

(5) The defendant's Second Motion to Continue Motion Deadline **[Doc. 65]** is **GRANTED**. Pre-Trial Motions shall be filed by **November 15, 2007**, and responses shall be filed by **November 30, 2007**;

(6) A Motion Hearing will be held on Defendant Daniel Hampton's Motions to Suppress [Docs. 61 and 67] on **January 7, 2008 at 9:00 a.m.** before the Honorable H. Bruce Guyton, United States Magistrate Judge.

**IT IS SO ORDERED**

ENTER:

s/ H. Bruce Guyton
United States Magistrate Judge