UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE


| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:07-CR-113 |
| v. | ) | (JORDAN /GUYTON) |
| | ) | |
| DANIEL GLENN HAMPTON, | ) | |
| LARRY EUGENE HAMPTON, | ) | |
| also known as GENE, | ) | |
| DANIEL LEE GOINS, | ) | |
| also known as "CHEESE," | ) | |
| BRENT FITZGERALD TARTER, | ) | |
| RON SEIBER, and | ) | |
| EMORY SAYLOR, | ) | |
| also known as "WAYNO," | ) | |
| | ) | |
| Defendants. | ) | |


**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This criminal action is before the Court on defendant Daniel Glen Hampton's Motion For Impeachment Evidence As To Any Person Who May Be Called As A Witness [Doc. 62], Motion For Early Disclosure Of Jencks Act Material [Doc. 63], Motion To Reveal Confidential Informants And To Disclose Any Deals Or Agreements Offered In Exchange Of Their Cooperation [Doc. 64], and Motion For Specific Discovery [Doc. 79]; and on defendant Emory Saylor's Motion to Adopt Pleadings Of Co-Defendants [Doc. 77] and Motion For Bill Of Particulars. [Doc. 78]

The Court has determined that oral argument is not needed for disposition of these motions. The instant motions are now ripe for adjudication, and the Court will address each motion in turn.

## I. Motion For Impeachment Evidence As To Any Person Who May Be Called As A Witness [Doc. 62]

In his first motion, defendant Daniel Glen Hampton moves the Court to order the government to produce impeachment evidence as to any person whom the government may call as a witness at trial. The defendant contends that the confidential sources utilized by the government in this matter may have been engaged in illegal drug use, and thus the government should disclose any such information. The government states that it is aware of its Jencks and Brady obligations, and that it will disclose the appropriate material at the appropriate time.

The Court notes that the Scheduling Order [Doc. 18] in this matter directed the government to make any disclosures required under Brady v. Maryland, 373 U.S. 83 (1963). The Scheduling Order also stated that "[t]he government is strongly encouraged to reveal Jencks Act materials to defense counsel as soon as possible and well before the testimony of government witnesses in order to avoid undue interruptions of trials." [Doc. 18] The Court further notes that the Sixth Circuit has held that the disclosure of Jencks Act material that is also arguably Brady material is governed by the Jencks Act. See United States v. Bencs, 28 F.3d 555, 561 (6th Cir. 1994). In other words, when a witness' statement could qualify as either Brady material or Jencks Act material, the government is under no obligation to disclose that statement until after the witness has completed direct examination. And while there is some tension in the case law regarding whether the Court has the discretion to order the government to produce a witness list even though the Federal Rules of Criminal Procedure do not require it, compare United States v. Kendricks, 623

F.2d 1165, 1168 (6th Cir. 1980) (holding that the district court has the discretion to order the prosecution to produce a witness list), with United States v. Presser, 844 F.2d 175, 1285 (6th Cir. 1988) (holding that Rule 16 provides no authority for compelling the government to disclose Brady material or any other evidence not required by the rule pretrial), the Court does not find this case so unusual as to require such early disclosure. Accordingly, given the hierarchy of Jencks and Brady, the defendant's motion [Doc. 62] is hereby **DENIED**.

II.     **Motion For Early Disclosure Of Jencks Act Material [Doc. 63]**

In his second motion, defendant Daniel Glen Hampton moves the Court to order the government to produce Jencks Act material in advance of trial. For the reasons stated above, the Court finds that the defendant's motion [Doc. 63] is not well-taken and is hereby **DENIED**.

III.    **Motion To Reveal Confidential Informants And To Disclose Any Deals Or Agreements Offered In Exchange Of Their Cooperation [Doc. 64]**

In his third motion, the defendant moves the Court to require the government to disclose the identity and present location of all informants in this matter who are alleged to have participated in the acts in question. The government opposes the motion, arguing that the defendant is not entitled to such information because the informants in question will be testifying at trial. The Sixth Circuit has held that a defendant is not entitled to obtain information in advance of trial regarding confidential informants who will be testifying at trial and subject to cross examination. United States v. Perkins, 994 F.2d 1184, 1190-91 (6th Cir. 1993). Accordingly, the defendant's motion [Doc. 64] is hereby **DENIED**.

IV.     **Motion For Specific Discovery [Doc. 79]**

In his fourth motion, the defendant moves the Court to require the government to disclose the name, work address, and telephone number of all government agents, whether federal,

3

state, or local, present at 493 East Roddy Road, Spring City, Tennessee, at any time on August, 18, 2007. The government has stated that, to the extent that it can determine which agents were present, it will provide such information to the defendant. [Doc. 83] In light of the government's agreement, the defendant's motion [Doc. 79] is hereby **GRANTED**. The government is **DIRECTED** to provide the requested information to the defendant within twenty days of the entry of this Order.

## V. Motion to Adopt Pleadings Of Co-Defendants [Doc. 77]

In his first motion, defendant Saylor moves the Court to adopt the following motions of defendant Daniel Glen Hampton: Motion To Suppress Fruits Of Wiretaps [Doc. 61]; Motion For Impeachment Evidence As To Any Person Who May Be Called As A Witness [Doc. 62]; Motion For Early Disclosure Of Jencks Act Material [Doc. 63]; and Motion To Reveal Confidential Informants And To Disclose Any Deals Or Agreements Offered In Exchange Of Their Cooperation. [Doc. 64] The government offered no opposition to the instant motion, instead indicating that it relied on its responses to the underlying motions defendant Saylor seeks to adopt. Given the lack of opposition, the defendant's motion to adopt [Doc. 77] is hereby **GRANTED**.

## VI. Motion For Bill Of Particulars [Doc. 78]

In his second motion defendant Saylor moves the Court to require the government to provide a bill of particulars as to Count One of what is now the Superseding Indictment.[1] [Doc. 104] The defendant contends that the Superseding Indictment is unduly vague and asks that the government be required to provide particulars as to specific language used by the defendants; the places where the crimes were allegedly committed; the identities and locations of individuals present

---

[1] At the time of the filing of the instant motion, the original Indictment [Doc. 9] was still in effect. Given that Count One of the Indictment and Count One of the Superseding Indictment are virtually identical, the Court will treat the instant motion as applying to the Superseding Indictment.

or listening when the alleged crimes were committed; the identities and locations of any individuals with firsthand knowledge of the amount of the alleged controlled substance at issue; a list of what other acts were committed by the alleged conspirators with respect to the conspiracy and the identities and locations of any individuals present when the alleged acts were committed; a description of the first act, as well as the time and place where the act occurred, by which defendant Saylor allegedly first manifested his participation in the conspiracy; details as to the last act defendant Saylor is charged with having committed in furtherance of the alleged conspiracy; and the names of non-indicted, but identified, alleged co-conspirators.

The Sixth Circuit has held that

> [t]he purposes of a bill of particulars are to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his acquittal or conviction in bar of another prosecution of the same offense when the indictment itself is too vague, and indefinite for such purposes.

United States v. Birmley, 529 F.2d 103, 108 (6th Cir. 1976). However, a bill of particulars may not be used as "a tool for the defense to obtain disclosure of all evidence held by the government before trial," nor as a means of gaining insight into the government's legal theories. United States v. Salisbury, 983 F.2d 1369, 1375 (6th Cir. 1993); United States v. Gabriel, 715 F.2d 1447, 1449 (10th Cir. 1983).

Additionally, in addressing a similar request for a bill of particulars, the Sixth Circuit noted that

> A defendant may be indicted and convicted despite the names of his co-conspirators remaining unknown, as long as the government presents evidence to establish an agreement between two or more persons, a prerequisite to obtaining a conspiracy conviction. Rogers

5

v. United States, 340 U.S. 367, 375 (1951); United States v. Piccolo, 723 F.2d 1234, 1238-39 (6th Cir. 1983), cert. denied, 466 U.S. 970 (1984). As long as the indictment is valid, contains the elements of the offense, and gives notice to the defendant of the charges against him, it is not essential that a conspirator know all other conspirators. "It is the grand jury's statement of the 'existence of the conspiracy agreement rather than the identity of those who agree' which places the defendant on notice of the charge he must be prepared to meet." Piccolo, 723 F.2d at 1239, quoting United States v. Davis, 679 F.2d 845, 851 (11th Cir. 1982).

United States v. Rey, 923 F.2d 1217, 1222 (6th Cir. 1991).

After a review of the Superceding Indictment [Doc. 16], the Court finds that the Superceding Indictment, coupled with the evidence presented at the various hearings in this matter, all provide sufficient details to the defendants to allow them to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable them to plead their acquittal or conviction in bar of another prosecution of the same offense. Birmley, 529 F.2d at 108. Additionally, given the Sixth Circuit's holding in Rey, the defendants are not entitled to a list of all other co-conspirators in this matter. Accordingly, the defendant's motion [Doc. 78] is hereby **DENIED**.

In summary, for the reasons stated more fully above:

(1) Defendant Daniel Glen Hampton's motion for impeachment evidence [Doc. 62], motion for early disclosure of Jenks material [Doc. 63], and motion to reveal confidential informants [Doc. 64] are hereby **DENIED**;

(2) Defendant Daniel Glen Hampton's motion for specific discovery [Doc. 79] is hereby **GRANTED**. The government is **DIRECTED** to provide the requested information to the defendant within twenty days of the entry of this Order;

(3) Defendant Emory Saylor's motion to adopt [Doc. 77] is hereby **GRANTED**; and

(4)     Defendant Emory Saylor's motion for a bill of particulars [Doc. 78] is hereby **DENIED**.

**IT IS SO ORDERED**.

ENTER:

<u>     s/ H. Bruce Guyton     </u>
United States Magistrate Judge