UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:07-CR-113 |
| | ) | (JORDAN/GUYTON) |
| DANIEL GLENN HAMPTON, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on the defendant's *pro se* Plea for Emergency Medical Treatment [Doc. 136], filed on August 26, 2008, and his *pro se* Request [For] Permission From the Court [Doc. 140], filed on October 30, 2008. In his motion for medical treatment, the defendant asserts that he needs treatment for kidney stones.[1] In the second motion, he requests permission to file *pro se* pleadings, despite his representation by Attorney Jonathan A. Moffatt, because his attorney is busy and he has questions about his case.

As the defendant notes, he is represented by Attorney Moffatt. This Court has already instructed [Doc. 99] the defendant that *pro se* motions filed while the party is represented by counsel violate the local rules:

---

[1] The Court notes that the defendant and his attorney appeared before the undersigned on September 9, 2008, for a hearing on a motion to continue, and the Court directed defense counsel to look into the issue of the defendant's medical condition at that time.

> Whenever a party has appeared by attorney, that party may not thereafter appear or act in his or her own behalf in the action or proceeding, unless an order of substitution shall first have been made by the court, after notice by the party to the attorney and to the opposing party. However, the court may, in its discretion, hear a party in open court, notwithstanding the fact that the party is represented by an attorney.

Local Rules of the United States District Court for the Eastern District of Tennessee, LR 83.4(c). The defendant presents no valid or compelling reason for granting him permission to file *pro se* pleadings while he continues to be represented by counsel. In fact, the defendant's stated reason that he has questions about his case merely underscores the need for him to consult with his attorney about these matters, rather than expressing them in public documents. As noted in this Court's earlier order [Doc. 99], the defendant runs the risk of waiving his attorney-client privilege and disclosing the details of his defense strategy by such filings. Accordingly, the defendant's *pro se* Plea for Emergency Medical Treatment [**Doc. 136**] and *pro se* Request [For] Permission From the Court [**Doc. 140**] are **DENIED as moot**. The defendant is encouraged to take up his questions and the issues he seeks to raise with his very capable attorney.

**IT IS SO ORDERED.**

ENTER:

s/ H. Bruce Guyton
United States Magistrate Judge

2